

FILED

MAR 21 2018

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| OCHSNER REAL ESTATE LIMITED PARTNERSHIP I, CONCORD GRAIN ELEVATOR COMPANY, | 1:17-CV-01017-CBK |
| Plaintiffs, | ORDER |
| vs. | |
| T.G. MERCER CONSULTING SERVICES, | |
| Defendant. | |

## BACKGROUND

· Plaintiff Ochsner Real Estate Limited Partnership I ("Ochsner") executed a Material Yard Lease Agreement with T.G. Mercer Consulting Services ("defendant") on January 27, 2015, for the purpose of "maintain[ing] a temporary construction staging area, pipe off-loading site, and pipe and equipment storage yard." Ochsner, along with Concord Grain Elevator Company ("CGEC," together with "Ochsner," "plaintiffs"), also entered into a Lease and Services Agreement with EVRAZ, Inc. ("EVRAZ") for the purpose of "transloading of pipeline components from railcars to trucks" at CGEC's Aberdeen, South Dakota, facility. Plaintiffs filed a Complaint against defendant for breach of contract, alleging, *inter alia*, defendant's "failure to comply with loading and unloading requirements" ("Count VIII"). As part of Count VIII, plaintiffs claim that defendant was responsible for "the unloading of rail cars in a timely fashion" and that defendant "failed in these obligations due to [its] acts and omissions which resulted in grain trains being blocked."

Defendant moved to dismiss this cause of action under Fed. R. Civ. P. 12(b)(6) and

8(a)(2), stating that Count VIII fails to state a claim upon which relief can be granted and that

plaintiffs failed to provide defendant fair notice that Count VIII constitutes a breach of contract

claim. Defendant moves to dismiss Count VIII of the Complaint with prejudice. Plaintiffs

request the motion to dismiss be denied; in the alternative, plaintiffs request leave to amend

Count VIII of the Complaint should the motion to dismiss be granted.

## DECISION

### I. Failure to state a claim upon which relief can be granted

To survive a motion to dismiss for failure to state a claim upon which relief can be

granted, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Torti v.

Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (*quoting* In re Pre-Filled Propane Tank Antitrust Litig.,

860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*), Fed. R. Civ. P. 8(a)(2), and Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009)). Factual allegations are construed in favor of the plaintiff, "even if it

strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 556 (2007). However, to determine whether a claim is plausible on its

face is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Ashcroft v. Iqbal, 556 U.S. at 679 (2009). To avoid dismissal, a

"plausible claim must plead 'factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" Torti v. Hoag, 868 F.3d at 671

(internal citations omitted). A complaint must allege "more than labels and conclusions." *Id.*

(*citing* Twombly, 550 U.S. at 555).

Plaintiffs' claim in the Complaint that defendant "was responsible for the unloading of rail cars in a timely fashion" is a conclusory statement that does not provide a basis for determining the source of defendant's obligation. While plaintiffs' brief in opposition to defendant's motion to dismiss Count VIII states that it adequately alleges a claim for breach of contract, the contracts plaintiffs filed as exhibits to the Complaint do not suffice to provide the factual background required to determine that this claim is facially plausible and to reasonably infer that the defendant is liable for the alleged misconduct. Defendant is not a party to the Lease and Services Agreement between EVRAZ and plaintiffs. The Material Yard Lease Agreement to which defendant and plaintiffs are parties contains no obligation for the defendant to unload railcars. It is immaterial that the Material Yard Lease Agreement states that "Time is of the essence in all provisions of the Lease" where there is no provision regarding railcar unloading. Further, there is no provision in the Material Yard Lease Agreement obligating the defendant to schedule railcar activity for EVRAZ. It is a basic tenet of contract law that the intent of the parties to make a contract must be manifest and the intent that defendant be responsible for timely unloading of railcars has not been demonstrated here. *See, e.g.*, Mahan v. Mahan, 121 N.W.2d 367, 369 (S.D. 1963).

Under the law of South Dakota, the absence of an express contract does not render the existence of a contractual relationship impossible, as an implied contract may be found following the examination of the course of conduct between the parties. Jurrens v. Lorenz Mfg. Co. of Benson, Minn., 578 N.W.2d 151, 154 (S.D. 1998) (internal citations omitted). According to SDCL 53-3-1, a contract "is either express or implied . . . [a]n implied contract is one, the existence and terms of which are manifested by conduct." However, while a contract may be either express or implied, it may not be both. Weitzel v. Sioux Valley Heart Partners, 714

N.W.2d 884, 892 (S.D. 2006). Moreover, the parol evidence rule bars extrinsic evidence of "all the oral negotiations or stipulations" concerning a contract "which preceded or accompanied the execution of the instrument." SDCL 53-8-5. It is possible that, based on the course of conduct of the parties, an implied contract between plaintiffs, EVRAZ, and defendant could be found that would obligate defendant for the timely unloading of railcars; however, the facts to support a facially plausible claim of such a contract have not been alleged.

Assuming that plaintiffs did incur "demurrage charges for delays, and mitigation costs due to the blockage of the railcars," as alleged, plaintiffs may seek to argue that such charges and costs constitute damages to which plaintiff is entitled. However, the Court does not opine on the likely legal sufficiency of such a claim.

## II. Fair notice of entitlement to relief

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 665 (*quoting* Eckert v. Titan Tire Corp., 514 F. 3d 801, 805 (8th Cir. 2008) (internal citations omitted)). Without "some factual allegation" in the complaint, a claimant is unlikely to satisfy the requirement of providing fair notice. Gomez v. Wells Fargo Bank, 676 F.3d at 665 (*quoting* Twombly, 550 U.S. at 556 n. 3). Further, "[a] theory of liability that is not alleged or even suggested in the complaint would not put a defendant on fair notice and should be dismissed." Adams v. American Family Mut. Ins. Co., 813 F.3d 1151, 1154 (8th Cir. 2016) (holding that the district court's dismissal of a theory of liability first asserted in response to a motion to dismiss was proper).

Plaintiffs first allege that Count VIII, "failure to comply with loading and unloading requirements," falls under a breach of contract theory of liability in their brief in opposition to defendant's motion to dismiss. As decided in Adams v. American Family Mut. Ins. Co., *supra*, since plaintiffs failed to plead sufficient facts to provide defendant with fair notice of this theory, the complaint does not give defendant fair notice. As such, Count VIII should be dismissed.

**III. Plaintiffs' request to amend Count VIII**

Whether to "allow a party to amend her complaint" is a decision "left to the sound discretion of the district court." Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008) (*citing* Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). The standard for granting a motion to amend a complaint is liberal and should only be denied "when such amendment would unduly prejudice the non-moving party or would be futile." *Id.* (*citing* Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)). However, granting leave to amend where the plaintiff has not submitted a proposed amendment "is inappropriate." *Id.* (*quoting* Wolgin v. Simon, 722 F.2d 389, 394 (8th Cir. 1983)). Moreover, pursuant to Fed. R. Civ. P. 16(b), scheduling orders limit the time for amending pleadings. Nonetheless, "'absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted.'" Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003) (*citing* Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989)).

Plaintiffs did not file a proposed amendment to Count VIII. Plaintiffs' request for leave to amend their Complaint in the brief in opposition to the defendant's motion to dismiss, dated August 18, 2017, was prior to the March 16, 2018 deadline required by the Rule 16 Scheduling Order for motions to amend. However, moving to amend the Complaint without the court and

opposing party seeing what the proposed amendment is violates one of the local rules in the District of South Dakota. D.S.D. LR 15.1. The Court is being asked to give the moving party a blank check. This is unduly prejudicial to the opposing party and will not be permitted in the present case. The Court should not be sanctioning clear violations of the local rules. The motion to amend should be denied.

## ORDER

Now, therefore,

IT IS ORDERED:

1.  Defendant's motion to dismiss, Doc. 4, is granted.

2.  Plaintiffs' motion to amend the Complaint, Doc. 14, is denied.

Dated this 16th day of March, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge